IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| JOYCE TOLLIVER, | ) | CASE NO. 16-80215-G3-13 |
| | ) | |
| Debtor, | ) | |
| | ) | |

MEMORANDUM OPINION

The court has held an evidentiary hearing on the "Motion to Extend Automatic Stay" (Docket No. 2) filed by the Debtor.  The following are the Findings of Fact and Conclusions of Law of the court.  A separate Judgment will be entered denying the motion.  To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such.  To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Joyce Tolliver ("Debtor") filed the voluntary petition in the instant Chapter 13 case on July 14, 2016.

Prior to the filing of the instant case, Debtor was the debtor in Case No. 16-80061-G3-13.  Debtor filed the petition in the previous case on February 29, 2016.  The previous case was dismissed, by order entered on June 17, 2016, on the motion of the Chapter 13 trustee.

In the instant motion, Debtor seeks extension of the automatic stay as to all creditors.  (Docket No. 2).  The instant motion is opposed by Harold and Carolyn Benson (the "Bensons"), the holders of the mortgage on Debtor's home, and the previous landlord of Debtor's failed business on property adjacent to the home.  (Docket No. 21).

Debtor testified that she was unable to make the Chapter 13 plan payments in the previous case due to a medical issue.  She testified that the onset of the medical issue was in 2001.  She testified that, during the previous case, she was working as a real estate agent, and also was selling insurance at an auto dealership.  She testified that her medical issue caused her to leave the insurance job.

Debtor testified that she is presently working as a real estate agent.  She testified that she is not physically able to return to work selling insurance.  She testified that she was not physically able to do the work when she began working at the auto dealership.  She testified that the medical issue which caused her to leave the auto dealership is a genetic condition, which will require monitoring for the rest of her life.  She testified that her condition is stable enough to allow her to work as a real estate agent.

Debtor's schedules in the previous case indicate that she began working at the auto dealership four months prior to the

petition date in that case.  (Docket No. 1, Case No. 16-80061-G3-13).  Debtor testified that she left the auto dealership on either June 8 or June 10, 2016, approximately four months after the petition date in the previous case.

Debtor's schedules in the previous case indicated that she received $4,000 per month in gross income from the auto dealership, and other monthly income of $1,565.55 from an insurance business, and $3,250.70 from real estate sales.[1]  (Docket No. 1, Case No. 16-80061-G3-13).

Debtor's schedules in the instant case indicate that she receives $4,000 per month in gross income from real estate sales, plus the $1,565.55 from an insurance business, and an additional $1,200 per month in "Income from partner."  (Docket No. 12).

Debtor testified that her insurance coverage on her home had lapsed when she filed the previous case.  She testified that she obtained insurance, but that the insurance was cancelled, effective on June 30, 2016.  She testified that the notice of cancellation was sent to the auto dealership.  She testified that she was notified of the cancellation by an employee of the auto dealership, and immediately began seeking a replacement insurance policy.  She testified that she obtained a

---

[1] Debtor testified that the amount from insurance related to the sale of her book of business from her previous insurance business, with payments to continue into 2017.

replacement policy on July 19, 2016.

Debtor's schedules in the instant case do not include an expense item for home insurance.  (Docket No. 12).

### Conclusions of Law

Section 362(c)(3)(A) of the Bankruptcy Code provides that, if an individual debtor files, <u>inter alia</u>, a Chapter 13 case, within one year after the Debtor's previous case was pending, the automatic stay terminates on the 30th day after the date of filing of the petition.  11 U.S.C. § 362(c)(3)(A).  The court may extend the automatic stay, if the filing is in good faith as to the creditors to be stayed. 11 U.S.C. § 362(c)(3)(B).

Section 362(c)(3)(C) provides in pertinent part:

> (C) for purposes of subparagraph (B), a case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary) -
>
>    (i) as to all creditors, if -
>
>         \* \* \*
>
>         (III) there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under chapter 7, 11, or 13 or any other reason to conclude that the later case will be concluded -
>
>             (aa) if a case under chapter 7, with a discharge; or

4

>> (bb) if a case under chapter 11 or 13, with a confirmed plan that will be fully performed.

11 U.S.C. § 362(c)(3)(C).

On the question of whether the presumption applies that the case was not filed in good faith, Debtor bears the burden of proof to show a change of circumstances under Section 362(c)(3)(C)(i)(III) by a preponderance of the evidence. <u>In re Charles</u>, 334 B.R. 207 (Bankr. S.D. Tex. 2005).

In the instant case, Debtor has not met her burden of proof on the issue of changed circumstances. Debtor's medical condition, although it appears to be under control at the moment, is the same as it was during the previous case. Debtor's finances are not substantially different. The court concludes that a presumption applies that the instant case was not filed in good faith.

Under Section 362(c)(3)(C) of the Bankruptcy Code, the presumption that the case was not filed in good faith may be rebutted by clear and convincing evidence to the contrary. In the instant case, Debtor's testimony is that she allowed insurance coverage for her home to be cancelled during the 27-day time interval between the dismissal of the previous case and the filing of the instant case. Despite the fact that Debtor states she now has obtained current insurance coverage, Debtor's schedules do not include a budget line item for home insurance.

The court concludes that Debtor has failed to rebut the presumption by clear and convincing evidence that the instant case was not filed in good faith.

Based on the foregoing, a separate Judgment will be entered denying the "Motion to Extend Automatic Stay" (Docket No. 2) filed by the Debtor.

Signed at Houston, Texas on August 4, 2016.

*[signature]*
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE